UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:

**Subpoena Issued to IMT Services Corporation
in Connection With the Matter of**
*Insubuy, Inc. v. Community Insurance Agency, Inc., et al,*
**C.A. 1:10-cv-03925**
(Pending in the Northern District of Illinois)

MISC 11 115 S

C.A. No.:   FILED

NOV 1 0 2011

U.S. DISTRICT COURT
DISTRICT OF R.I.

### Miscellaneous Petition of IMT Services Corporation to Quash and/or Modify Subpoenae Pursuant to Federal Rule of Civil Procedure 45(c)(3) and for the Issuance of Protective Orders Pursuant to Federal Rule of Civil Procedure 26 (c)

Now comes IMT Services Corporation ("IMT"), a Rhode Island Corporation, and files this Miscellaneous Petition to Quash and or Modify Subpoenae Pursuant to Federal Rule of Civil Procedure 45(c) and for the Issuance of Protective Orders Pursuant to Federal Rule of Civil Procedure 26 (c). It is appropriate for this Court to grant IMT's Petition in regard to the separate subpoenae issued to it by Community Insurance Agency, Inc. ("CIA"), an Illinois Corporation **(Exhibit A)** (the "CIA Subpoena") and Insubuy, Inc. ("Insubuy"), a Texas Corporation **(Exhibit B)** (the "Insubuy Subpoena") (collectively referred to as the "Subpoenae"), in connection with a matter pending before the United States District Court for the Northern District of Illinois, bearing the style *Insubuy, Inc. v. Community Insurance Agency, Inc. et. al,* C.A. No. 10-03925 (the "Action"), as the Subpoenae place an undue burden upon IMT, a non-party who is a stranger to the dispute at issue in the Action. It is further appropriate for this Court to grant IMT the relief that it seeks as the Subpoenae, if enforced, would subject IMT to inquiry concerning matters that are potentially subject to claims of attorney client

1

privilege and which may require the disclosure of confidential and/or propriety business information to its competitors.

I.   **Facts/ Argument**

IMT is an entity that is engaged in procuring insurance to travelers. Insubuy and CIA are competitors in the industry.

In the Action, Insubuy is represented by Fritz L. Schweitzer III ("Mr. Schweitzer") of St. Onge, Steward, Johnston & Reens, LLC ("SSJR"). Mr. Schweitzer and SSJR also provide representation to IMT for matters relating to the maintenance and protection of IMT's domain names and trademarks. IMT and Insubuy have no business relationship with one another, however, Insubuy was referred to Mr. Schweitzer by IMT. It was IMT's understanding at the time the referral was made, that Insubuy was seeking an attorney to assist it with trademark issues generally.

In the Action, Insubuy and CIA accuse one another of numerous wrongs including but not limited to: i) violations of Sections 32 (Infringement), 43(a) (False Designation of Origin and Unfair Competition) and 43(d) (Anti-Cybersquatting) of the Lanham Act, ii) Common Law Unfair Competition, and iii) violations of the Illinois Trademark Registration and Protection Act. There has been no suggestion by either party, to IMT's knowledge, that it has any involvement with the matters at issue in the Action. Instead, as is reflected by the limited documents which were produced by IMT in response to a document subpoena issued by CIA, it is clear that IMT has had only remote and limited interactions with the parties (**Exhibit C**). In this regard IMT does not believe that it has knowledge of any information which would be relevant to the parties' dispute in the Action.

As IMT is a stranger to the parties' dispute, with limited, if any, knowledge of the matters at issue in the Action, forcing it to sit for a deposition in this matter would clearly place an undue burden upon it. As such, for this reason alone it is appropriate for the Court to grant the relief which IMT seeks in this petition.

In addition to placing an undue burden on IMT, the CIA Subpoena should also be quashed as it seeks to discover information that is protected by attorney-client privilege. In this regard, the CIA Subpoena seeks to force an IMT representative to discuss the following topics:

> "4. Any knowledge or communication related to any conflicts checks performed by St. Onge Steward Johnston & Reens LLC or Fritz Schwietzer III with regard to representing IMT Services or Insubuy.
>
> 5. Any communication between IMT Services and St. Onge Steward Johnston & Reens, LLC or Fritz Schweitzer regarding legal representation of Insubuy by Fritz L. Schweitzer III. (Exhibit A)."

IMT has enjoyed an attorney-client relationship with Mr. Schweitzer and SSTR. As such, its communications with the firm are subject to privilege. The CIA Subpoena clearly seeks to infringe upon the privileged nature of IMT's communications with its attorneys.

As the CIA Subpoena seeks to intrude upon clearly privileged information, it must be quashed. In addition, here, where IMT has no stake or relevant knowledge regarding the matters in dispute in the Action, it is clear that no justifiable reason exists for permitting CIA to inquire as to any privileged communications between IMT and its attorneys.

Following the issuance of the CIA Subpoena, Mr. Schweitzer, acting on behalf of Insubuy, issued the Insubuy Subpoena. Among other things, the Insubuy Subpoena seeks to subject an IMT representative to questioning regarding potentially confidential and proprietary business information that bears no clear relationship to the dispute between the parties in the Action. In this regard, the Insubuy Subpoena identified the following topic for examination:

> "3.  The Internet advertisements of IMT Services attached as Exhibit A hereto." (**Exhibit A**)

IMT knows of no reason why its advertising practices would be germane to the dispute between CIA and Insubuy. In addition, IMT is deeply troubled by the prospect of being forced to discuss its advertising practices in the context of litigation between two of its competitors. IMT's unease is heightened by the fact that the request at issue has been directed to it by Mr. Schweitzer, who has previously served as its attorney.[1]

In this case, where IMT is a stranger to a dispute between two of its competitors, and its advertising practices are not at issue, Insubuy's attempt to inquire as to matters that may constitute confidential and/or proprietary business information is clearly unjustified and inappropriate.

IMT notes that it has engaged in good faith discussions with both Insuby and CIA to resolve the instant dispute regarding the Subpoenae and their scope. Unfortunately, despite the parties' good faith efforts, the parties' efforts to resolve their differences have failed.

---

[1] In apparent recognition of the inherent conflicts posed by his representation of Insubuy at the proposed deposition, Mr. Schwietzer has ceded responsibility for matters pertaining to this deposition to his co-counsel, Patrick Solon, of Niro, Haller and Niro, Ltd.

Pursuant to Federal Rule of Civil Procedure 45 (c) this court must quash or modify a subpoena that "requires disclosure of privileged or other protected information, if no exception or waiver applies" or "subjects a person to undue burden". FRCP 45(c)(iii)&(iv). Furthermore, pursuant to Federal Rule of Civil Procedure 26(c) this court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression or undue burden." F.R.C.P. 26(c)

In this matter, it is appropriate for this Court to grant IMT the relief that it seeks as the Subpoenas seek to compel an examination of IMT in regard to matters involving a dispute to which it is a stranger. In this regard, the Subpoenae are clearly oppressive and if enforced will subject IMT to an undue burden as they are highly unlikely to lead to the discovery of any admissible evidence. Furthermore, as the Subpoenae seek to intrude upon matters protected by attorney-client privilege and raise the specter of forcing IMT to reveal confidential and/or proprietary business information to its competitors, in an action where it has no stake or useful information, IMT's need for relief is clear.

## II.     Conclusion and Prayer for Relief

For the reasons set forth herein, IMT prays that its petition be granted and that this Court quash the CIA Subpoenae and the Insubuy Subpoenae pursuant to Rule 45(c). IMT further prays that a protective order issue pursuant to Rule 26(c) prohibiting either CIA or Insubuy from noticing its deposition in the Action. In the alternative, IMT prays that the Subpoenae be modified pursuant to Rule 45 to prohibit CIA and Insubuy from engaging in any inquiry regarding matters which may be protected by attorney-

client and/or other privilege and/or which may constitute confidential and proprietary business information.

Date: November ___, 2011

IMT SERVICES CORP.

By Its Attorneys,

_____
Scott F. Bielecki, Esq. (#6171)
Cameron & Mittleman LLP
301 Promenade Street
Providence, Rhode Island  02908
Tel.  (401) 331-5700
Fax  (401) 331-5787

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2011, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Nicholas S. Lee, Esquire
Bishop & Diehl, Ltd.
1750 East Golf Road, Suite 390
Schaumburg, IL, 60173

Patrick F. Solon
Niro, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515

G:\SFB\IMT\Miscellaneous Petition Of IMT Services Corporation.docx